UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY CHAVEZ,<br><br>Defendant. | 3:22-CR-30036-2-RAL<br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING REDUCTION |

Defendant Larry Chavez pleaded guilty to and was convicted of conspiracy to distribute a controlled substance, involving at least 50 grams but less than 200 grams of methamphetamine. Docs. 81, 86, 89, 90. This Court sentenced Chavez on August 8, 2023, to just 24 months' imprisonment followed by three years of supervised release. Doc. 103. He is serving his sentence at Forrest City Low, with a projected release date presently of November 30, 2024. See www.bop.gov/inmateloc. Chavez filed a pro se motion for sentence reduction asserting that he is a zero-point offender. Doc. 105.

Chavez's guidelines range, based on a total offense level of 21 and a Criminal History Category of I, was 37 to 46 months. Doc. 92. Chavez received one criminal history point for a 2017 conviction for domestic abuse/simple assault intentionally causing bodily injury from state court in Vermillion, Clay County, South Dakota. Doc. 92 at 7. Chavez had an arrest history from the Cheyenne River Sioux Tribe for attempted criminal homicide, aggravated assault, endangering child welfare, twice for domestic assault, and four times for drug possession. The Cheyenne River

1

Sioux Tribe does not provide conviction history to presentence investigation report writers, and this Court did not use Chavez's tribal arrest history to move him out of Criminal History Category I. This Court varied downward from the 37 to 46 months guideline range based on the nature and circumstances of Chavez's offense and Chavez's personal history and characteristics. Doc. 103-1. Chavez had complied with pretrial release conditions, was a lower-level dealer of methamphetamine, was co-parenting successfully and involved in the lives of his two children, was attending a community college, and had been working full-time and responsibly as a tire technician. Doc. 92 at 9-11.

Despite having one criminal history point, Chavez believes himself to be a zero-point offender. In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission, effective November 1, 2023, added what now appears in §4C1.1(a), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>   (4) the offense did not result in death or serious bodily injury;
>   (5) the instant offense of conviction is not a sex offense;
>   (6) the defendant did not personally cause substantial financial hardship;
>   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>   (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>   (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>   (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Sentencing Commission determined that this change would apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Chavez fails to meet the criteria for such a sentence reduction. Eligibility for a sentence reduction for zero-point offenders requires a person to have arrived at sentencing with zero criminal history points. U.S.S.G. § 4C1.1(a)(1) (requiring "the defendant did not receive any criminal history points"). Chavez had one criminal history point due to the state court domestic abuse/simple assault conviction. Thus, he does not qualify for a reduction under U.S.S.G. § 4C1.1.

If Chavez were a zero-point offender, he would get a two-level reduction in his total offense level, which would have lowered his guideline range from 37 to 46 months down to 30 to 37 months. Chavez received a 24-month sentence. In short, this Court in granting him a downward variance treated him even better than if he were a zero-point offender, though he is not. Therefore, it is

ORDERED that Chavez's motion for sentence reduction, Doc. 105, is denied.

DATED this 21st day of August, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

3